UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------- X
Edward D. Fagan,
            Plaintiff

 - v -               CIVIL ACTION #
                   12-civ-1873 (RBW)
Union Bank of Switzerland AG;
Credit Suisse AG
Swiss Bankers Association;
Swiss Federal Banking Commission;
Swiss Confederation.
            Defendants.
---------------------------------------------------------------- X

**PLAINTIFF'S MOTION FOR AN ORDER MODIFYING THE COURT'S JANUARY 15, 2013 SCHEDULING ORDER (DE # 7), FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' FEBRUARY 12, 2013 MOTION TO DISMISS (DE # 9) AND FOR OTHER RELIEF**

Plaintiff Edward D. Fagan, in accordance with Fed.R.Civ. P. Rule 6 (b) and Rule 16 (b) (4) and Local Rule LCvR 7, respectfully moves the Court for entry of an Order modifying the January 15, 2013 Scheduling Order 9 (DE # 7) and extending Plaintiff's time within which to respond to Defendants' Motion to Dismiss (DE # 9) until April 29, 2013.

A proposed Order is being submitted herewith.

Defense counsel has advised that they oppose this Motion.

The grounds for this Motion are:

1. The Court's January 15, 2013 Scheduling Order (DE # 7) directed Defendants to file their Motion to Dismiss by February 12, 2013 and to limit their Motion to dismiss to *". . . grounds for dismissal and briefing **only** grounds for dismissal other than failure to state a claim upon which relief can be granted under Fed. R.Civ.P. Rule 12 (b) (6) . . ."*.

2. My response was due on March 14, 2013.

3. A modification of the Scheduling Order is necessary and an extension of time is necessary and requested for the following reasons.

4. Prior to making this request, I sought to avoid the necessity of this Motion and requested that Defendant voluntarily consent to a modification and extension of time. However, Defendants' counsel refused my request. Hence this Motion is necessary.

### Defendants' Motion Does Not Comply With The Court's Order and Includes Matters to Which I Wish to Respond But Cannot Do So Under the Present Schedule

5. Defendants' Motion to Dismiss (DE # 9) did not comply with the Court's Order (DE # 7).

6. Aside from the continued and false allegations that I am representing or seeking to represent persons other than myself, Defendants have included in their Motion substantive grounds that were NOT to be included at this time but urging dismissal under Fed. R.Civ.P. Rule 12 (b)(6) – alleging that *"all claims pleaded in the complaint are barred because they were released and discharged through a class action settlement binding on plaintiff and his alleged 'predecessors' "*. *See DE # 9, ¶ 2.*

7. Notwithstanding the fact that Defendants' failed to comply with the Court's Order (DE # 7) by their inclusion of grounds that were not to be argued at this time, I do wish to respond to Defendants' Motion and I believe there are meritorious grounds to defeat the Motion.

8. However, due to unexpected and unanticipated matters beyond my control, I cannot do so under the present schedule.

9. I was out of the United States from January 20 – February 24th. Copies of my plane tickets can be provided should the Court desire them.

10. When I travel, I do not take files, documents and research. Those files, documents and research are kept on computer and back up systems at my home in the United States.

11. I arrived back in Florida on February 26th.

12. Upon arrival at his home, I discovered that my apartment was burglarized and the computer and back up systems (accessories and peripherals) were stolen, along with other items. *See attached copy of Police Report – Exhibit 1.*

13. The files, documents and research related to this claim were contained and stored on the computer systems that were stolen.

14. Those files, documents and research took me many months to create and they will take me weeks and months to re-create.

15. It should be noted that Defendants (with their team of lawyers) had almost 3 months since the service of the complaint to formulate their Motion.

16. As a pro se plaintiff acting on my own, I asked for less time to prepare my response, which includes having to first re-create files, locate and retrieve documents and duplicate other efforts that will take significant time and cause me to incur more monies.

17. I explained this to Defendants and they refused.

18. I submit that Defendants' refusal is unreasonable and that the schedule should be modified.

### I Have Meritorious Responses to Defendants' Motion

19. I am not now and have never represented nor sought to represent the interests of Mr. Katz or Mr. Fleischmann or anyone else for that matter.

20. Yet, Defendants continue to argue that *"Plaintiff, a pro se litigant and disbarred attorney, is improperly representing the interests of others"*; See DE # 9, ¶ 1.

21. James Lowy Esq. is the US lawyer and Roland Roth is the Israeli lawyer representing Mr. Katz and Mr. Fleischmann. Both Mr. Lowy and Mr. Roth have submitted declarations or letters to the Court confirming that.

22. I believed in good faith that I removed the in-artful language in the prior complaint 12-cv-1003 that was originally objectionable to Defendants. In the existing complaint, I went out of my way to make it clear in the complaint that I was acting only for my interests and for no one else.

23. So there is no confusion, I am representing no one but myself and only for interests that I lawfully acquired from Mr. Katz and Mr. Fleischman!

24. All the research I did to support my acquisition of those interest and the communications showing that I never sought to, nor held myself out as representing anyone other than myself were on my stolen computer systems and must be re-created, which will take time.

25. I can represent to the Court that I have been speaking to Mr. Lowy off and on since I returned to Florida on Feb. 26th.

26. I have informed him of the fact that - contrary to the Court's Jan. 15th Order - Defendants have included in their Motion to Dismiss a Rule 12 (b) (6) argument, and which could affect his client's claims.

27. I have also spoken to Mr. Roth about the Defendants inclusion of a Rule 12 (b) (6) argument in their Motion to Dismiss my claims.

28. Both Mr. Lowy and Mr. Roth expressed their surprise and concern about the Defendants attempt to preclude or argue substantive matters related to their clients' claims at this time.

29. I spoke to Mr. Lowy today – 14 March 2013 - to try to find out if he could tell me anything that I could share with the Court as relates to the Defendants present Motion and my request for an extension of time to respond.

30. I asked Mr. Lowy specifically what are his and his clients intentions about moving to intervene in this claim, or filing a complaint in this Court, or in another Court, and also to find out what if anything he wished me to tell the Court about the Defendants present efforts to argue against the merits of his clients' claims in their Motion to Dismiss my claims.

31. Mr. Lowy has authorized me to report to the Court the following:

    a. He continues to represent Mr. Katz and Mr. Fleischmann.

    b. He does not want his clients claims to be included in the complaint that I filed and prefers to have their claims and the merits of their claims, including issues related

4

to standing and the validity of their causes of action, considered separate and apart from my claims or the merits of my claims.

c. He will consult with his Israeli co-counsel Roland Roth - the principal lawyer for Mr. Katz and Mr. Fleischmann - and will file a separate complaint in the coming weeks and definitely before April 15th.

d. Mr. Lowy is traveling with his family until Monday but will submit a separate Declaration confirming these facts and in that Affidavit he will provide the Court with additional arguments as to why the Court should make no decision about any aspect of his clients' claims until those claims are before this or any other Court.

e. Mr. Lowy is in the process of getting local counsel in DC in the event he and Mr. Roth and their clients choose to move to intervene in my claims or choose to file their own complaint.

32. I have a copy of the Retainer Agreement between Mr. Lowy and his clients and can provide that to show that I am not representing Mr. Katz's or Mr. Fleischmann's interests. I also have the submissions that I made to the DC Bar Council explaining that I am "not practicing law without a license". I can submit those to Court but believe that they should only be provided for the Court's in camera inspection.

33. In any event and under the present circumstances, I urge the Court to give me the extra time to submit this Affidavit from Mr. Lowy so that the Court can properly consider giving the additional time to respond to the pending Motion, especially since the Defendants are now apparently trying to use this Motion to argue matters that were not to be included at this time and which would affect the claims of Mr. Lowy's clients before they are even before the Court.

## I Have Meritorious Arguments About My Standing

34. Defendants' argue that *"The Court lacks subject matter jurisdiction because Plaintiff does not have standing and because the complaint does not allege any basis for diversity jurisdiction"*; *See DE # 9, ¶ 3.*

35. As explained above the evidence and legal research I had related to standing was stored on the stolen computer systems and must be re-created.

36. Defendants continue to attempt to mischaracterize my standing and why I sought to acquire the interests I acquired.

37. I was interested in the claim precisely because in 2011 I was informed of the probability that (i) a claim could be made – as opined by Prof. Neuborne in his July 2011 Memo and I believed that was and is an important issue; (ii) a claim could be made for the artwork because that was expressly excluded under Amendment # 2 of the Swiss Banks Settlement Agreement and (iii) because I believed other important issues existed in which I had an historical interest and to which I was dedicated. In part I acquired some of the interests so that they could be given by me directly to and for the benefit of Holocaust Victims, which I am in the process of doing. In part I acquired the interests in the art claims because Art claims are and have been a passion of mine for years and they were absolutely excluded from the Settlement. And, I acquired other parts of the claim because I believed that I was in a good position to expose the banks for what they did with destruction of evidence, secret deals in Romania, Hungary & Poland and the other lies that they have told purchased.

*38.* Prior to filing the complaint I did research to confirm that there were valid interests, that even as a disbarred lawyer I could acquire them and could transfer or dispose of them anyway I wished. The documents, evidence and research needs to be and can be re-created and I urge the Court to give me this additional time.

*39.* As to the standing issue involving the acquisition of an interest for the sole purposes of filing a claim, I was able to quickly find a US Supreme Court case that I submit stands for this proposition. See *Sprint Communications Co. LP et al. v. APCC Services Inc., et al., 554 S.Ct. 269 (2008).*

40. I urge the Court to give me the additional time requested to re-create the other research with which I can respond to the standing issues.

41. As to diversity allegations, I am a resident and live in Florida – at 5708-01 Arbor Club Way, Boca Raton, FL and Defendants are foreign entities. The Court can consider this fact and evidence from this Declaration and if necessary I could amend the Complaint to include that language.

42. Either way, I submit that I should be given the additional time requested to respond.

### I Have Meritorious Arguments About Defendants Other Arguments

43. Defendants' also argue that *"The complaint lacks allegations sufficient to establish that the Court has personal jurisdiction over Credit Suisse AG"; See DE # 9, ¶ 4; "The complaint fails to join necessary parties"; See DE # 9, ¶ 5 and "The complaint fails to state any claim upon which relief can be granted and all claims are barred by the applicable statutes of limitations"; See DE # 9, ¶ 7.*

44. As I explained above, the research and documents related to and needed to respond to Defendants allegations about *"jurisdiction over Credit Suisse"*, *"necessary parties"*, *"failure to state a claim"* and *"statutes of limitations"* were on the computer and back up systems that were stolen from my home.

45. The complaint was filed on November 19, 2012 and I will need additional time to serve certain of the named Defendants, which the Court should favorably consider granting.

46. This response is being prepared on a "borrowed computer" and I have not had access to the normal equipment with which I would normally prepare my response. As a result, I also ask the

7

Court to understand that this is a short submission that may need to be supplemented and that the Court grant me this brief indulgence.

47. I am most anxious to have these issues resolved and now that Defendants have included the Rule 12 (b) (6) allegations (despite their originally wishing to bi-furcate them), I pray the Court adopt a schedule that will allow all the issues to be properly considered, and with Mr. Lowy's and Mr. Roth's clients being given the opportunity to participate and respond to issues that Defendants have chosen to include at this point.

**WHEREFORE**, for the reasons stated above, I respectfully move the Court for entry of an Order modifying the January 15, 2013 Scheduling Order 9 (DE # 7) and extending Plaintiff's time within which to respond to Defendants' Motion to Dismiss (DE # 9) until April 29, 2013

**A proposed form of Order is being submitted separately.**

Dated: 14 March 2013  
Boca Raton, FL

*/s/ Edward D. Fagan (signed electronically)*  
Edward D. Fagan, Plaintiff Pro Se  
5708-01 Arbor Club Way  
PO Box 812512, Boca Raton, FL  33481  
Tel # (561) 372-9296 / Cell # (973) 986-2844  
Fax # (561) 948-2707  
Email: faganinternational@gmail.com

## CERTIFICATE OF SERVICE

Edward D. Fagan hereby certifies that the foregoing Motion for an Order modifying the January 15, 2013 Scheduling Order 9 (DE # 7) and extending Plaintiff's time within which to respond to Defendants' Motion to Dismiss (DE # 9) has been served on Defendants to their below listed addresses.

Roger Witten Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center, New York, New York 10007
roger.witten@wilmerhale.com, (212) 230-8850 (t), (212) 230-8888 (f)

David W. Bowker Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW, Washington, DC 20006
david.bowker@wilmerhale.com, (202) 663-6558 (t), (202) 663-6363 (f)
Attorneys for UBS AG and Credit Suisse AG

with the original of the Motion delivered to the Clerk of the Court for the United States District Court, District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001 and a courtesy copy to the Hon. Reggie B. Walton USDJ.

Dated:     14 March 2013          */s/ Edward D. Fagan (signed electronically)*
           Boca Raton, FL          Edward D. Fagan, Plaintiff Pro Se

# PALM BEACH COUNTY SHERIFF'S OFFICE – **<u>SWORN STATEMENT</u>**

Per FL statute 837.012, whoever knowingly makes a false statement under oath shall be guilty of a misdemeanor of the first degree punishable by imprisonment up to 1 year.

☐ WITNESS  ☐ VICTIM  ☐ OTHER

| CASE #: | ZONE: | SUSPECT: | DATE & TIME OF ORIGINAL EVENT/OFFENSE: |
|---|---|---|---|
| EVENT TYPE: | | DEPUTY: | ID#: |

## COMPLETE EVERYTHING BELOW – PRINT LEGIBLY

| LAST NAME: | FIRST NAME: | MIDDLE INITIAL: | RACE: | SEX: |
|---|---|---|---|---|
| DATE OF BIRTH: (MM/DD/YYYY) | YOUR HEIGHT: | YOUR WEIGHT: | YOUR HAIR COLOR: | YOUR EYE COLOR: |
| YOUR HOME ADDRESS: | ☐ CHECK IF HOMELESS | CITY: | STATE: | ZIP: |
| YOUR WORK NAME & ADDRESS: | ☐ CHECK IF UNEMPLOYED OR RETIRED | CITY: | STATE: | ZIP: |

WORK PHONE: ☐ CHECK IF NONE ( )  CELL PHONE: ☐ CHECK IF NONE ( )  HOME PHONE: ☐ CHECK IF NONE ( )  EMAIL: ☐ CHECK IF NONE

### WRITE WHAT HAPPENED IN YOUR WORDS IN FULL DETAIL – PRINT LEGIBLY

I, YOUR NAME: _____ DO HEREBY VOLUNTARILY MAKE THE FOLLOWING STATEMENT WITHOUT THREAT, COERCION, OFFER OF BENEFIT, OR FAVOR BY ANY PERSONS WHOMSOEVER...

PAGE ___ OF ___

### READ AND SIGN

I SWEAR AND AFFIRM THIS AND/OR THE ATTACHED STATEMENTS ARE CORRECT AND TRUE:

YOUR SIGNATURE: X _____

☐ DEPUTY SHERIFF  ☐ NOTARY PUBLIC  FSS. 117.10
SWORN TO AND SUBSCRIBED BEFORE ME TODAY:
DATE: _____ TIME: _____
SIGNATURE: _____ ID: _____

IF YOU **DO NOT WISH TO PROSECUTE**, VICTIM OF A CRIME UNDER FLORIDA L[AW]... RELEASE THE PALM BEACH COUNTY S[HERIFF]... RIGHTS AS A CRIME VICTIM, PARTIC[IPATE]... DISABILITY; LOST WAGES; LOSS OF SU[PPORT]... RIGHTS FOR MY FAMILY AND MYSELF E[...] INVESTIGATED AND PROSECUTED WIT[H]...
*(PROSECUTION WAIVER NOT TO BE US[ED]...*
WHITE - RECORDS COPY
PBSO #0134 REV. 12/11

**PALM BEACH COUNTY SHERIFF'S OFFICE**
RIC L BRADSHAW, SHERIFF

**DEPUTY MICHAEL CANAVAN #8500**
ROAD PATROL
DISTRICT 7 - BOCA

Case # 13-043051

[KN]OW: I AM OF LEGAL AGE AND I AM THE REPORTED [IN]VESTIGATION OF THE ALLEGED CRIME. I FURTHER [C]ASE. I ACKNOWLEDGE THAT I UNDERSTAND MY [INCLU]DES SUCH BENEFITS AS REIMBURSEMENT FOR: [EX]PENSES. I AM AWARE I MAY BE GIVING UP THESE [K]NOWING THAT THE CASE CAN ONLY BE FURTHER NOT WISH TO PROSECUTE (INITIAL _____)
[GO]LD - WITNESS / VICTIM COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------------------- X
Edward D. Fagan,                                                :
                                       Plaintiff                :
         - v -                                                  :    CIVIL ACTION #
                                                                :    12-civ-1873 (RBW)
Union Bank of Switzerland AG;                                   :
Credit Suisse AG                                                :
Swiss Bankers Association;                                      :
Swiss Federal Banking Commission;                               :    PROPOSED ORDER
Swiss Confederation.                                            :
                                       Defendants.              :
-------------------------------------------------------------- X
```

**THIS MATTER** having come on to be heard on Plaintiff Edward D. Fagan's Motion for an Order modifying the January 15, 2013 Scheduling Order 9 (DE # 7) and extending Plaintiff's time within which to respond to Defendants' Motion to Dismiss (DE # 9) until April 29, 2013, and the Court having considered the matter and the objections of counsel and for good cause being shown,

**IT IS HEREBY ORDERED** that Plaintiff's Motion is granted and Plaintiff's time within which to respond to Defendants' Motion to Dismiss (DE # 9) until April 29, 2013

Dated: _____                    _____
                                          Hon. Reggie B. Walton USDJ